| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| RICHARD TRAINOR,<br><br>    Plaintiff,<br><br> v.<br><br>LARRY PERRY and SOCIAL SECURITY ADMINISTRION,<br><br>    Defendants. | CASE NO. C12-5128 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. 6. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 5, 2012, the Plaintiff filed a complaint against the Defendants in Peirce County District Court. Dkt. 1-1 at 1. On February 14, the case was removed to this Court. Dkt. 1. On February 15, 2012, the Court sent a Notice of Removal letter to the Plaintiff. Dkt. 2. On March 3, 2012, Defendants filed a Motion to Dismiss Plaintiff's complaint. Dkt. 6. On March 3, 2012, Defendants also filed a motion to stay discovery pending resolution of their motion to dismiss. Dkt. 7. On April 17, 2012, this Court granted the Defendants unopposed motion to stay proceedings pending the resolution of their motion to dismiss. Dkt. 12. On March 20, 2012, Defendants sent Plaintiff

notification of the re-noting dates. Dkt. 10.  On March 23, 2012, Defendants filed an affidavit showing they had served the Plaintiff. Dkt. 11.  Plaintiff failed to respond in opposition to Defendants' motion.

## II. FACTUAL BACKGROUND

On January 5, 2012, Plaintiff filed a Complaint in Pierce County District Court Small Claims against the Government, claiming that an employee of the Social Security Administration ("SSA"), Larry Perry, "directly caused me to spend $3250.00 in out of pocket expenses due to underpayments for my SSA and SSI from 9/2009 – 1/2011. They screwed up and refuse to be held accountable." Dkt. No. 1-2. The Government timely removed the lawsuit to United States District Court on February 14, 2012. *Id.*

To the extent Plaintiff's allegations sound in tort, the SSA refers all administrative tort claims to the Office of General Counsel for review and processing. *See* Dkt 6-1 at 2 (Ledford Decl. at ¶ 1).  Accordingly, if a tort claim had been filed with the SSA, a record of that filing would be maintained in the General Counsel's office.  *Id.* (Ledford Decl. at ¶¶ 1-2). A search of the Office's database found no record of an administrative tort claim filed by Plaintiff or an authorized representative, relating to the claims referenced in Plaintiff's Complaint. *Id.* (Ledford Decl. at ¶ 3).

## III. DISCUSSION

In this case, the Defendants filed a motion to dismiss which argues, in part, that the Court lacks subject matter jurisdiction over the Plaintiff's claim because the Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act (FTCA). Dkt. 6 at 3.  Defendant also filed a declaration testifying the Plaintiff has been service.

Dkt. 11. The Plaintiff has failed to respond in opposition to the Defendants' Motion to Dismiss.

Rule 7(b)(2) of the Local Rules states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Plaintiff failed to respond in opposition to Defendants' motion. Therefore, the court will consider Plaintiff's failure to respond that Defendants' motion has merit.

With regard to the merits of the motion, Plaintiff's allegations involve negligent or wrongful conduct by a government agency or employee. An action against the United States for damages resulting from the negligence or wrongful conduct of a government agency or employee, must be brought under the FTCA, 28 U.S.C. §§ 2671-2680. As a jurisdictional prerequisite, an FTCA action can only be instituted once an administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months. 28 U.S.C. § 2675(a). Specifically, "[a]n action shall not be instituted upon a claim against the United States for ... injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . ." *Id.* Thus, an FTCA action may not be maintained when the claimant fails to exhaust administrative remedies prior to filing suit. *McNeil v. United States*, 508 U.S. 206 (1993); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *Caton v. United States*, 495

F.2d 635, 638 (9th Cir. 1974) (statutory procedure is clear that tort proceeding may not be commenced in court against the United States until claim conclusively denied or lapse of six months without action); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (claim requirement is jurisdictional in nature and may not be waived).

Here, Defendants filed a motion demonstrating that the Court lacks subject matter jurisdiction. Dkt. 6 at 3-6. With Defendants' motion, they submitted a declaration from Mark S. Ledford, Director of the Fiscal Law Division, Office of the General Counsel, Office of General law, SSA, testifying that the Plaintiff did not present an administrative tort claim to the SSA. Dkt. 6 at 2. Plaintiff has failed to respond, and the court considers that failure an admission that Defendants' motion has merit. Moreover, there is no evidence in the record that Plaintiff has submitted an administrative tort claim to the SSA.

Therefore, the Court grants Defendants' motion because Plaintiff failed to exhaust his administrative remedies under the FTCA.

### IV. ORDER

Therefore, it is hereby **ORDERED** that:

Defendant's Motion to Dismiss (Dkt . 6) is **GRANTED.** Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE.**

Dated this 17th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge